SUPERIOR COURT
OF THE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

December 22, 2017

**STATE MAIL – S980C**
Leondre Williams
SBI # 00258504
Sussex Correctional Institution
Rt. 3, Box 500
Georgetown, DE 19947

> ### RE: *State of Delaware v. Leondre Williams*
> ### Def. ID# 1603008327

Dear Mr. Williams:

This is my decision on your Motion for Postconviction Relief. On September 21, 2016, you pled guilty to one count each of Drug Dealing Tier 2 Heroin and Possession of a Firearm by a Person Prohibited. I sentenced you on the same day to the mandatory minimum sentence of ten years at Supervision Level 5 with credit for 196 days previously served to be followed by declining levels of supervision. You did not file an appeal with the Delaware Supreme Court. Consequently, your judgment of conviction became final on October 21, 2016. You filed your motion 13 months later on November 29, 2017.[1] In your motion you allege that your counsel was ineffective.

---

[1] The docket reflects your motion was received on November 29, 2017, but was not docketed until November 30, 2017. I will use the earlier date of November 29, 2017.

When reviewing a motion for postconviction relief, this Court must first consider the procedural requirements before addressing any substantive issues.[2] Superior Court Criminal Rule 61 provides that a motion for postconviction relief may not be filed more than one year after the judgment of conviction is final.[3] For purposes of your motion, your conviction became final on October 21, 2016. Therefore, your last day to file your motion was October 21, 2017. You filed your motion on November 29, 2017, which is slightly over a month after the cut-off date. Thus, your motion is time-barred.

Rule 61(i)(5) states that the bars to relief "shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule." Rule 61(d)(2)(i) states that a movant needs to plead "with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he is convicted." Rule 61(d)(2)(ii) states that a movant needs to plead "with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or

---

[2] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[3] Your Motion for Postconviction Relief falls under the current version which went into effect on June 4, 2014.

2

death sentence invalid." You have not raised any facts that would entitle you to the benefit of these exceptions.[4]

Your motion is time-barred, and consequently, is DISMISSED. Furthermore, because your motion is procedurally barred, your request for appointment of counsel is DENIED.

IT IS SO ORDERED.

Very truly yours,

*/s/ E. Scott Bradley*

E. Scott Bradley

ESB/sal
cc: Prothonotary
     Counsel

---

[4] *See Terrance Puckham v. State of Delaware*, 128 A.3d 994, 2015 WL 7456020 (Del. Nov. 23, 2015)(Table)(Because you did not establish the threshold requirements, the matter is summarily dismissed.).